

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-3910
Re: State or any other interested
party could suggest to court
that a receiver be removed.

Your request for an opinion of this department is as follows:

"On March 30, 1938, the State of Texas, 'acting by and through its duly elected, qualified and acting Attorney General, William McCraw, at the special instance and request of the Board of Insurance Commissioners' filed cause No. 59,771 in the 126th District Court of Travis County. The petition alleged that the defendant Republic Underwriters, an inter-insurance exchange, was insolvent, and requested the appointment of a receiver.

"On the same day, an order was entered appointing Curtis E. Hill as exparte Receiver and John Atkinson as Attorney for the Receiver.

"On December 17, 1938, a final judgment was entered, directing the Receiver and Attorney theretofore appointed to liquidate the affairs of the firm.

"On March 24, 1941, the Receiver filed his supplemental report on the affairs of the Receivership showing that virtually all assets had been reduced to cash, and that there was then on hand for distribution the sum of $23,425.65. It further showed that unpaid priority claims amounted to about $6,000.00, and that allowed general claims amounted to $176,150.80.

"On March 25, 1941, an order was entered under the Receiver's application filed the same day granting him authority to bring an assessment suit against the subscribers of the defunct firm in order to raise sufficient funds to pay the approved claims, with expenses which were to include attorney's fees of 25% and accountant's fees of 15% of the gross recovery. Such a suit was filed by the Receiver on July 30, 1941, being No. 65,369 on the Docket of the 98th District Court of Travis County.

"Article 5068c, Vernon's R.C.S., enacted by the 46th Legislature in 1939 provides a new procedure for liquidations of the sort here concerned. It is the belief of the writer that the filing of the above mentioned cause No. 65,369 constitutes in fact a re-opening of a virtually closed receivership. He is further of the opinion that such additional administration of the affairs of this receivership as may be necessary can be more economically conducted, and with greater benefit to all concerned, if they are handled under the authority of Article 5068c.

"Your opinion is, therefore, respectfully requested as follows:

"1. Is there legal authority for the intervention of the State in this matter, requesting that further administration of the affairs of the receivership of the Republic Underwriters be conducted under the provisions of Article 5068c?

"2. If so, what are the duties and powers of the Board of Insurance Commissioners in instituting such action?"

We held in our Opinion No. O-3695 that Article 5068c of the Revised Civil Statutes of Texas, which apparently requires the court to appoint the statutory liquidator of the Board of Insurance Commissioners as receiver for insolvent insurance companies, could not in any event be retrospective so as to require the court to remove receivers appointed prior to the effective date of such statute and appoint the statutory liquidator as receiver to complete the litigation. We further held that such statute was merely directory, and that to construe the same as mandatory upon the court to appoint the statutory liquidator as receiver would render the same unconstitutional. We see no occasion to change or modify such opinion.

With this explanation of our prior opinion, we pass to a consideration of your first question. The State of Texas is now plaintiff in the case under consideration, the same being styled: "The State of Texas v. Republic Underwriters, Cause No. 591771, in the 126th District Court," and hence no intervention, as that term is known in law, is necessary. The State of Texas, as well as any other interested party, could, by proper motion, suggest to the court that the present receiver be removed and the statutory liquidator substituted therefor. Such motion, of course, must be supported by some competent evidence as to the necessity and the desirability of the change. The judge of the court, having the power and authority to select and appoint receivers, would, if the evidence justified and required such action, remove the present receiver. If such were done, the court could then appoint the statutory liquidator or any other person he desires. Clearly, under our above mentioned opinion, he would not be required to appoint your liquidator.

You submit no facts with your inquiry which would justify this department in filing a motion to have the present receiver removed and the statutory liquidator appointed. If you are in possession of facts which, in your opinion, should be made known to the court, we ask that you kindly advise in order that we might determine the advisability of filing such motion.

LA:GO:egw

Yours very truly

APPROVED SEP 19, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By /s/ Lloyd Armstrong
             Assistant

Approved: Opinion Committee
      By B.W.B. Chairman